Robert F. McCauley (SBN 162056)
robert.mccauley@finnegan.com
Erik R. Puknys (SBN 190926)
erik.puknys@finnegan.com
Jeffrey D. Smyth (SBN 280665)
jeffrey.smyth@finnegan.com
Justin A. Hendrix (SBN 301057)
justin.hendrix@finnegan.com
Christopher B. McKinley (SBN 306087)
christopher.mckinley@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, California  94304
Telephone:    (650) 849-6600
Facsimile:     (650) 849-6666

Attorneys for Plaintiff
FOX FACTORY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FOX FACTORY, INC.,<br><br>               Plaintiff,<br><br>        v.<br><br>SRAM, LLC and SANDLEFORD LIMITED,<br><br>               Defendants. | CASE NO. 3:16-cv-03716-WHO<br><br>**PLAINTIFF FOX FACTORY, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND ITS DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**<br><br>Date:         February 7, 2018<br>Time:         2:00 p.m.<br>Courtroom:  2, 17th Floor<br>Judge          Hon. William H. Orrick |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on February 7, 2018 at 2:00 p.m. in Courtroom 2, located on the 17th Floor of the above-entitled court at 450 Golden Gate Avenue, San Francisco, California, or as soon thereafter as the matter may be heard before the Honorable William H. Orrick, Plaintiff FOX Factory, Inc. ("FOX Factory") will and hereby does move pursuant to Patent Local Rule 3-6 for the Northern District of California for an Order granting leave to amend FOX Factory Inc.'s Disclosure of Asserted Claims and Infringement Contentions ("Infringement Contentions") against SRAM, LLC and Sandleford Limited (collectively, "Defendants") in this action.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Jeffrey D. Smyth, the exhibits attached thereto, the [Proposed] Order filed concurrently herewith, all other papers or pleadings in this action, evidence and argument that the parties may present before or at the hearing on this matter, and any other matters of which this Court may take judicial notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

In view of an email produced three weeks ago by Defendant SRAM that contradicts SRAM's prior verified response to an interrogatory, FOX Factory respectfully moves for leave to amend its Infringement Contentions to specifically allege willful infringement by SRAM based on SRAM's knowledge of the patents-in-suit prior to the filing of the Complaint in this action. FOX Factory has already accused SRAM of willful infringement based on SRAM's knowledge of the patents-in-suit "at least as early as" the filing of the Complaint in July 2016, but in view of the email recently produced by SRAM, FOX Factory moves to update its Infringement Contentions to specify willfulness based on SRAM's pre-suit knowledge and conduct (and thus remove any doubt or ambiguity about the scope of FOX's willfulness allegations).

Specifically, despite SRAM's verified denial that it had knowledge of FOX Factory's U.S. Patent No. 8,226,172 before the filing of the Complaint in this action, SRAM produced an email three weeks ago that proves that SRAM's verified response was incorrect. In addition, in view of the Court's Claim Construction Order, FOX Factory has withdrawn its contention that the Maxle Lite axle (and forks/products that are sold with the Maxle Lite) infringe FOX Factory's U.S. Patent No. 8,974,009. FOX Factory maintains that SRAM and Sandleford infringe the '172 and '009 asserted patents with regard to the Maxle Ultimate and forks/products sold therewith.

FOX Factory served SRAM with its updated Infringement Contentions (and redlined versions of same) reflecting both of these changes on December 20, 2017. *See* Exs. A and B.[1] FOX has been diligent in seeking leave for these amendments and requests that its motion be granted. None of these changes will prejudice SRAM, affect the case schedule, change FOX Factory's infringement theories, or require SRAM to change its Invalidity Contentions.

---

[1] References to "Ex. __" refer to the Exhibits attached to the Declaration of Jeffrey D. Smyth in support of this motion, filed concurrently herewith.

## I. FACTUAL AND PROCEDURAL OVERVIEW

FOX Factory's First Amended Complaint alleges willful infringement by SRAM "at least as early as" July 1, 2016, the date the original complaint in this action was filed. ECF No. 22 at 7-8. Specifically, FOX Factory alleged

> At least as early as July 1, 2016, when the original Complaint for patent infringement in this action was filed and sent to SRAM's counsel, SRAM has had knowledge of the '172 patent. Despite that knowledge, on information and belief SRAM has continued to infringe the '172 patent in an egregious and willful manner.

*Id.* at 7:7-10. FOX Factory included similar allegations with regard to the '009 patent, which shares the same specification as the '172 patent and is also asserted in this case. *Id.* at 8:19-22.

FOX served its first Infringement Contentions in this action on October 26, 2016 in accordance with the case schedule and the Patent Local Rules. Smyth Decl., ¶ 5. FOX Factory alleged willful infringement based on SRAM's continuing infringement of the patents-in-suit after the filing of the Complaint, and also reserved the right to also assert willful infringement based on earlier knowledge and conduct after having the opportunity to conduct discovery. *See* ECF No. 32-2 at 6-7.

FOX Factory served Interrogatory No. 3 to SRAM in December 2016, which requested that SRAM "Describe in detail all facts and circumstances related to [SRAM's] knowledge of the '172 patent prior to the filing of the complaint in this action, including identification of the date on which SRAM first became aware of the '172 patent, the PERSON or PERSONS at SRAM who first became aware of the '172 patent, and all DOCUMENTS or COMMUNICATIONS RELATING TO or evidencing such knowledge." Ex. C at 2. SRAM responded on January 18, 2017 with a one word answer: "None." Ex. D at 7. SRAM's interrogatory responses were verified by Brian Benzer, SRAM's Vice President of Corporate Development. *Id.* at 11.

In February 2017, FOX Factory filed a motion to amend its Infringement Contentions to reflect developments in the case. *See* ECF No. 32. In view of SRAM's interrogatory responses, FOX Factory had no reason to and did not amend its willfulness allegations. SRAM filed a statement of nonopposition to FOX Factory's motion (ECF No. 33), and the Court granted that motion on February 28, 2017 (ECF No. 34).

On September 20, 2017, FOX Factory filed a second motion to amend its Infringement Contentions to reflect further developments in the case. ECF No. 76. Again, in view of SRAM's interrogatory responses, FOX Factory had no reason to and did not amend its willfulness allegations. The Court granted FOX Factory's Motion on October 17, 2017. ECF No. 89.

On December 13, 2017, SRAM produced an email demonstrating that its previous interrogatory response denying pre-suit knowledge of the '172 patent was incorrect. SRAM designated the subject email HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the protective order and would not agree with FOX Factory's proposed high-level description of the email to be included this motion. Smyth Decl. ¶ 6. Nevertheless, to avoid burdening the Court with a motion to seal that is believed to be unnecessary for purposes of the present motion, FOX Factory is not including a copy of the email with this motion, but will move to file a copy of the email under seal with its reply brief if requested to by the Court, or if SRAM opposes this motion and/or disagrees with FOX Factory's statements about the email.

FOX Factory served updated Infringement Contentions on December 20, 2017, one week after SRAM produced the email. Smyth Decl. ¶ 7 and Ex. A. The substantive changes include FOX Factory's revised statement concerning willful infringement of the patents-in-suit and removal of SRAM's Maxle Lite axle and forks using same from the list of accused products. Ex. B at 4-5, 8-9.

Fact discovery closes on February 16, 2018 and a consolidated trial is scheduled to begin on November 5, 2018. ECF No. 95. Expert discovery has not yet begun and will close on May 31, 2018. *Id.* FOX Factory asked if SRAM would oppose its motion to amend its Infringement Contentions but SRAM has not answered that question. Smyth Decl., ¶ 7.

**II.     ARGUMENT**

    A.     **Legal Standards**

A party may amend its Infringement Contentions upon a showing of good cause and by order of the Court. Patent L.R. 3-6. The text of the local rule provides a non-exhaustive list of examples of "good cause," absent prejudice to the non-moving party: "(a) [a] claim construction by the Court different from that proposed by the party seeking amendment; (b) [r]ecent discovery of material, prior art despite earlier diligent search; and (c) [r]ecent discovery of nonpublic information about the

1  Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the
2  Infringement Contentions." *Id.* Patent Local Rule 3-6 "serves to balance the parties' rights to
3  develop new information in discovery along with the need for certainty in legal theories at the start
4  of the case." *Brandywine Commc'ns Techs., LLC v. AT&T Corp.*, No. C12-2494-CW, 2014 WL
5  1569544, at *15 (N.D. Cal. Apr. 18, 2014) (*quoting Apple, Inc. v. Samsung Elecs. Co.*, No. CV 12-
6  00630-LHK 2012 WL 5632618, at *2 (N.D. Cal. Nov. 15, 2012 ) (*citing O2 Micro Int'l, Ltd. v.
7  Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006))). The core inquiry of the good
8  cause analysis is the moving party's diligence in investigating the claim and seeking to amend.
9  *Apple*, 2012 WL 5632618, at *2. A chief policy behind the Rule is to prevent parties from employing
10 a "shifting sands" approach to claim construction. *Id.*

   B.  **FOX's Proposed Amendment Should Be Granted**

   1.  **Revising FOX Factory's Willfulness Allegations**

13  FOX has proceeded diligently in moving to amend its Infringement Contentions in view of
14 the SRAM email produced in discovery only three weeks ago that contradicts SRAM's earlier,
15 verified interrogatory response. These circumstances also suggest SRAM likely had pre-suit
16 knowledge of the '009 patent (despite its interrogatory response to the contrary), and so FOX
17 Factory's amended contentions reflect that FOX Factory also intends to pursue additional discovery
18 concerning pre-suit knowledge of the '009 patent.

19  FOX Factory served amended Infringement Contentions only one week after receiving the
20 email at issue from SRAM. Importantly, none of FOX's proposed changes adds any new patent
21 claims or changes the way in which SRAM's products are alleged to infringe the patents-in-suit.
22 FOX's motion to amend does not reflect a "shifting sands" approach to the case, and is fully
23 consistent with the policy of Patent L.R. 3-6. *See Apple*, 2012 WL 5632618 at *2 (policy of Patent
24 L.R. 3-6 is to avoid a "shifting sands" approach to claim construction). This motion comes before
25 the close of fact and expert discovery and does not impact the case schedule. Further, SRAM would
26 not be prejudiced by allowing FOX Factory's amendment because willful infringement has been a
27 part of this case since the filing of the First Amended Complaint in August 2016 the proposed
28 amendment directly flows from SRAM's own inaccurate discovery response.

Accordingly, the Court should allow FOX to amend its Infringement Contentions to include SRAM's pre-suit actions and knowledge of the patents-in-suit as provided in Exhibit A.

### 2. Withdrawal of the Maxle Lite as an Accused Product

In view of the Court's Claim Construction Order, FOX Factory has withdrawn its contention that the Maxle Lite axle (and forks/products that are sold with the Maxle Lite) infringe FOX Factory's '009 patent. FOX Factory's proposed amended Infringement Contentions have been revised to remove such allegations and products, including specifically SRAM's Maxle Lite and the following forks when used with the Maxle Lite: Revelation RCT3/RL/RLT/World Cup, Lyrik RC2, Sid XX, Argyle R, Bluto, Domain Dual Crown RC, Reba RL/RLT, and Sektor Silver. *See* Ex. B at 4-5. FOX Factory has been diligent in amending its Infringement Contentions in this regard and SRAM will not prejudiced because the impact of FOX Factory's amendment is to reduce the number of products and issues in this case.

### III. CONCLUSION

FOX respectfully requests that its Motion for Leave to Amend its Disclosure of Asserted Claims and Infringement Contentions be granted.

Dated: January 3, 2018  
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

By: */s/ Jeffrey D. Smyth*  
Jeffrey D. Smyth  
Attorneys for Plaintiff  
FOX Factory, Inc.