# Exhibit A

**Exhibit A**

Robert F. McCauley (SBN 162056)
robert.mccauley@finnegan.com
Erik R. Puknys (SBN 190926)
erik.puknys@finnegan.com
Jeffrey D. Smyth (SBN 280665)
jeffrey.smyth@finnegan.com
Christopher B. McKinley (SBN 306087)
christopher.mckinley@finnegan.com
Justin A. Hendrix (SBN 301057)
justin.hendrix@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, California  94304
Telephone:     (650) 849-6600
Facsimile:     (650) 849-6666

Attorneys for Plaintiff
FOX FACTORY, INC.

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| FOX FACTORY, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SRAM, LLC and SANDLEFORD LIMITED,<br><br>　　　　　Defendants. | Case No. 3:16-cv-03716-WHO<br><br>**PLAINTIFF FOX FACTORY, INC.'S THIRD AMENDED DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS** |

## I. PRELIMINARY STATEMENT

Pursuant to Patent L.R. 3-1, Plaintiff FOX Factory, Inc. ("FOX Factory") provides the following Third Amended Disclosure of Asserted Claims and Infringement Contentions relating to U.S. Patent Nos. 8,226,172 ("the '172 patent") and 8,974,009 ("the '009 patent") (collectively "the patents-in-suit").

FOX Factory makes this Disclosure based on its current knowledge, understanding, and beliefs. Recognizing that FOX Factory has not yet completed its investigation, collection of information, or analysis of the conduct of Defendant SRAM, LLC and its subsidiaries, including Defendant Sandleford Limited/Sandleford Limited Taiwan Branch (Ireland) (collectively referred to as "the SRAM Defendants"), relevant to the asserted patents, FOX Factory reserves its right to amend, revise, and/or supplement any part of this Disclosure and/or any accompanying exhibits in accordance with this Court's Scheduling Order, Patent L.R. 3-6, and/or the Federal Rules of Civil Procedure, as additional documents and information become available and as discovery and investigation proceed.

Furthermore, FOX Factory makes this Disclosure without waiving its right to object to the production of any document, data compilation, or tangible thing disclosed on the basis of any privilege, work product, relevance, undue burden, or other valid objection.

## II. ASSERTED CLAIMS

Based on the information presently known to FOX Factory, FOX Factory identifies the following asserted claims pursuant to Patent L.R. 3-1(a):

(1) Claims 1, 2, 4, 6, and 7 of the '172 patent ("Asserted '172 claims"); and

(2) Claims 1-3, 5, and 7-9 of the '009 patent ("Asserted '009 claims").

FOX Factory alleges that the SRAM Defendants infringe each of the Asserted '172 claims and Asserted '009 claims under 35 U.S.C. §§ 271(a), (b), and/or (c).

## III. ACCUSED INSTRUMENTALITIES

Pursuant to Patent L.R. 3-1(b) based on FOX Factory's investigation thus far, FOX Factory identifies the following apparatuses, products, devices, processes, methods, acts, or other

instrumentalities (collectively "the Accused Instrumentalities") that FOX Factory believes infringe the asserted claims:

(1) Maxle Ultimate infringes claims 1, 2, 4, 6, and 7 of the '172 patent and claims 1-3, 5, and 7-9 of the '009 patent.

(2) Lyrik RC with the Maxle Ultimate infringes claims 1, 2, 4, 6, and 7 of the '172 patent and claims 1-3, 5, and 7-9 of the '009 patent.

(3) Lyrik RCT3 with the Maxle Ultimate infringes claims 1, 2, 4, 6, and 7 of the '172 patent and claims 1-3, 5, and 7-9 of the '009 patent.

(4) MY17 Lyrik RC with the Maxle Ultimate infringes claims 1, 2, 4, 6, and 7 of the '172 patent and claims 1-3, 5, and 7-9 of the '009 patent.

(5) MY17 Lyrik RCT3 with the Maxle Ultimate infringes claims 1, 2, 4, 6, and 7 of the '172 patent and claims 1-3, 5, and 7-9 of the '009 patent.

(6) Pike DJ with the Maxle Ultimate infringes claims 1, 2, 4, 6, and 7 of the '172 patent and claims 1-3, 5, and 7-9 of the '009 patent.

(7) Pike RC with the Maxle Ultimate infringes claims 1, 2, 4, 6, and 7 of the '172 patent and claims 1-3, 5, and 7-9 of the '009 patent.

(8) Pike RCT3 with the Maxle Ultimate infringes claims 1, 2, 4, 6, and 7 of the '172 patent and claims 1-3, 5, and 7-9 of the '009 patent.

(9) MY17 Pike RC with the Maxle Ultimate infringes claims 1, 2, 4, 6, and 7 of the '172 patent and claims 1-3, 5, and 7-9 of the '009 patent.

(10) MY17 Pike RCT3 with the Maxle Ultimate infringes claims 1, 2, 4, 6, and 7 of the '172 patent and claims 1-3, 5, and 7-9 of the '009 patent.

(11) Revelation RC with the Maxle Ultimate infringes claims 1, 2, 4, 6, and 7 of the '172 patent and claims 1-3, 5, and 7-9 of the '009 patent.

(12) RS-1 with the Maxle Ultimate infringes claims 1, 2, 4, 6, and 7 of the '172 patent and claims 1-3, 5, and 7-9 of the '009 patent.

(13) RS-1 RL with the Maxle Ultimate infringes claims 1, 2, 4, 6, and 7 of the '172 patent and claims 1-3, 5, and 7-9 of the '009 patent.

(14)  RS-1 RLC with the Maxle Ultimate infringes claims 1, 2, 4, 6, and 7 of the '172 patent and claims 1-3, 5, and 7-9 of the '009 patent.

(15)  SID RL with the Maxle Ultimate infringes claims 1, 2, 4, 6, and 7 of the '172 patent and claims 1-3, 5, and 7-9 of the '009 patent.

(16)  SID RLC with the Maxle Ultimate infringes claims 1, 2, 4, 6, and 7 of the '172 patent and claims 1-3, 5, and 7-9 of the '009 patent.

(17)  SID World Cup with the Maxle Ultimate infringes claims 1, 2, 4, 6, and 7 of the '172 patent and claims 1-3, 5, and 7-9 of the '009 patent.

(18)  SID XX with the Maxle Ultimate infringes claims 1, 2, 4, 6, and 7 of the '172 patent and claims 1-3, 5, and 7-9 of the '172 patent.

(19)  Yari RC with the Maxle Ultimate infringes claims 1, 2, 4, 6, and 7 of the '172 patent and claims 1-3, 5, and 7-9 of the '009 patent.

FOX Factory's identification of the Accused Instrumentalities is based on its current knowledge, understanding, and beliefs as to the facts and information available as of the date of this Disclosure. FOX Factory reserves the right to amend, revise, and/or supplement this identification as additional information becomes available as discovery, investigation, and claim construction proceed.

**IV.  CLAIM CHARTS**

Pursuant to Patent L.R. 3-1(c), and based on FOX Factory's investigation thus far, attached as Exhibits A-B are detailed claim charts that identify specifically where each limitation of each asserted claim is found within each Accused Instrumentality:

Exhibit A: Infringement of the '172 Patent by the Maxle Ultimate and the RockShox Lyrik RC and RCT3; MY17 Lyrik RC and RCT3; Pike DJ, RC, and RCT3; MY 17 Pike RC and RCT3; Revelation RC; RS-1, RS-1 RL, and RS-1 RLC; SID RL, RLC, World Cup, and XX; and Yari RC;

Exhibit B: Infringement of the '009 Patent by the Maxle Ultimate and the RockShox Lyrik RC and RCT3; MY17 Lyrik RC and RCT3; Pike DJ, RC, and RCT3; MY 17 Pike RC and RCT3; Revelation RC; RS-1, RS-1 RL, and RS-1 RLC; SID RL, RLC, World Cup, and XX; and Yari RC; and

Exhibit C: Withdrawn.

## V. INFRINGEMENT

Pursuant to Patent L.R. 3-1(d), and based on FOX Factory's investigation thus far, as described in detail in FOX Factory's First Supplemental Interrogatory responses served on October 13, 2017 (which are hereby incorporated by reference), FOX Factory believes that the SRAM Defendants directly and indirectly infringe claims 1, 2, 4, 6, and 7 of the '172 patent and claims 1-3, 5, and 7-9 of the '009 patent. The SRAM Defendants maintain a website through which they promote and offer to sell the Accused Instrumentalities to customers, including customers in the United States. The SRAM website identifies distributors and dealers who sell SRAM's products, including the accused instrumentalities, in the United States. *See* www.sram.com/find-dealer/ and the distributors and dealers listed therein.

At least as of August 9, 2012, the SRAM Defendants had knowledge of the '172 patent and, on information and belief, the SRAM Defendants also had knowledge of the related '009 patent prior to the filing of the Complaint in this action. The SRAM Defendants have induced and continue to induce direct infringement of the patents-in-suit by aiding and abetting infringement by distributors, dealers, and customers in the United States with respect to the Accused Instrumentalities. On information and belief, the SRAM Defendants have intentionally taken action that has actually induced and continues to induce direct infringement by distributors, dealers, and customers in the United States, and have known that the acts they have been and are causing infringe the patents-in-suit. These acts include, but are not limited to, SRAM's promotion and instruction regarding the Accused Instrumentalities on the SRAM website and, on information and belief, contracts and agreements with distributors and dealers for the promotion, offers to sell, and sales of the Accused Instrumentalities in the United States. In addition, on information and belief, SRAM, LLC has intentionally taken action that has actually induced and continues to induce infringement of the '172 and '009 patents by Sandleford Limited/Sandleford Limited Taiwan Branch (Ireland) by participating in the manufacturing of products, and encouraging and directing Sandleford Limited/Sandleford Limited Taiwan Branch (Ireland) to make and sell the Accused Instrumentalities, which SRAM, LLC knows infringe, or has been willfully blind to their

infringement. Additionally, on information and belief, SRAM, LLC and Sandleford Limited/Sandleford Limited Taiwan Branch (Ireland), individually and together, have intentionally taken action that has actually induced and continues to induce direct infringement by manufacturers, distributors, dealers, and customers (including OEMs), and have known that the acts have been and are causing infringement of the '172 and '009 patents. These acts include, for example, providing Accused Instrumentalities to bicycle customers and OEMs overseas, such as Giant, knowing that Giant and other bicycles that include the infringing products will be imported into and sold in the United States. These acts also include, but are not limited to, (1) the SRAM Defendants' posting product documentation on the SRAM website and including such documentation with products, including, *inter alia*, SRAM's Product Service Manuals, User Specifications and Standards, and Spare Parts Catalogs, (2) on information and belief, the SRAM Defendants' distributing OEM documents and manuals, and entering into agreements with OEMs, and (3) the SRAM Defendants' contracting and entering into agreements with customers, distributors and dealers for the promotion, offers to sell, and sales of the Accused Instrumentalities.

The SRAM Defendants have contributed to and continue to contribute to direct infringement of the patents-in-suit by supplying an important (material) component of the infringing products (as well as instructions for same) to customers with respect to Accused Instrumentalities 2-19, which are not common components suitable for non-infringing use. The SRAM Defendants supply these Accused Instrumentalities with knowledge of the patents-in-suit and knowledge that these Accused Instrumentalities are especially made or adapted for use in an infringing manner, and knowledge that distributors, dealers, and customers directly infringe the patents-in-suit in the United States when using these Accused Instrumentalities in accordance with the SRAM Defendants' design and instructions.

FOX intends to pursue fact discovery, including depositions, on the issue of the SRAM Defendants' indirect infringement.

## VI.   LITERAL AND EQUIVALENT INFRINGEMENT

Pursuant to Patent L.R. 3-1(e), FOX Factory asserts that the Accused Instrumentalities literally infringe the asserted claims of the '172 and '009 patents. To the extent that any of the

Accused Instrumentalities do not literally infringe, FOX Factory asserts infringement under the doctrine of equivalents.

## VII. PRIORITY DATE

Pursuant to Patent L.R. 3-1(f), the asserted claims of the '172 patent and the '009 patent are entitled to a priority date at least as early as May 21, 2008, as stated on the face of the patent, and a conception date as early as July 27, 2007.

## VIII. FOX FACTORY'S PRODUCTS THAT INCORPORATE OR REFLECT THE ASSERTED CLAIMS

Pursuant to Patent L.R. 3-1(g), FOX Factory asserts that all FOX forks in the 32, 34, and 36 platforms that use the 15QR axle practice claims 1, 2, 4, 6, and 7 of the '172 patent and claims 1-3, 5, and 7-9 of the '009 patent.

## IX. DAMAGES

Pursuant to Patent L.R. 3-1(h), FOX asserts that (1) the SRAM Defendants' first infringement of the '172 patent was as early as June 2014, (2) FOX is entitled to damages beginning on July 1, 2016, the date the complaint was filed in this action, and (3) assuming the SRAM Defendants' infringing sales do not cease, damages will continue to accrue for the SRAM Defendants' infringing sales through the date of expiration of the '172 patent. FOX also asserts that (1) the SRAM Defendants' first infringement of the '009 patent was as early as March 10, 2015, (2) FOX is entitled to damages beginning on July 1, 2016, the date the complaint was filed in this action, and (3) assuming the SRAM Defendants' infringing sales do not cease, damages will continue to accrue for the SRAM Defendants' infringing sales through the date of expiration of the '009 patent.

## X. WILLFUL INFRINGEMENT

Pursuant to Patent L.R. 3-1(i), FOX asserts that at least as early as of August 9, 2012, the SRAM Defendants have had knowledge of the '172 patent, and have, on information and belief, continued to infringe the '172 patent in an egregious and willful manner. Further, on information and belief, the SRAM Defendants also had knowledge of the related '009 patent prior to the filing of

the Complaint in this action, and have nevertheless continued to infringe the '009 patent in an egregious and willful manner.

## XI. DOCUMENT PRODUCTION ACCOMPANYING DISCLOSURE

Pursuant to Patent L.R. 3-2, FOX Factory is producing nonprivileged documents along with this Disclosure. FOX Factory's document production is based on its investigation to date and FOX Factory reserves the right to supplement its production to the extent its investigation reveals any additional relevant documents required to be produced under Patent L.R. 3-2.

Documents produced at least pursuant to Patent L.R. 3-2(a), are labeled FOXII0000471-FOXII0000500 and FOXII0000505-FOXII0000560.

Documents produced at least pursuant to Patent L.R. 3-2(b) are labeled FOXII0000471-FOXII0000513.

Documents produced at least pursuant to Patent L.R. 3-2(c) are labeled FOXII0000001-FOXII0000372.

Documents produced at least pursuant to Patent L.R. 3-2(d) are labeled FOXII0000373-FOXII0000433.

Documents produced at least pursuant to Patent L.R. 3-2(e) are labeled FOXII0000434-FOXII0000500.

Documents produced at least pursuant to Patent L.R. 3-2 (f) are labelled FOXII0000939-44.

Regarding documents called for by Patent L.R. 3-2(g), FOX states that it does not have any such documents in its possession, custody, or control.

Regarding documents called for by Patent L.R. 3-2 (h), FOX states that it does not have any such documents in its possession, custody, or control, but that it may rely on SRAM-M 0005-9.

Documents produced at least pursuant to Patent L.R. 3-2 (i) are labelled FOXII0000945-946 (the financial data included in these documents are estimates only).

Regarding documents called for by Patent L.R. 3-2(j), FOX states that it does not have any such documents in its possession, custody, or control.

| | | |
|---|---|---|
| 1 | Dated: December 20, 2017 | Respectfully submitted, |
| 2 | | FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP |
| 3 | | |
| 4 | | |
| 5 | | By: */s/ Jeffrey D. Smyth* |
| 6 | | Jeffrey D. Smyth<br>Attorneys for Plaintiff<br>FOX Factory, Inc. |