UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOX FACTORY, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>SRAM, LLC, and SANDLEFORD LIMITED,<br><br>    Defendants. | Related Case Nos.<br>3:16-cv-00506-WHO<br>and 3:16-cv-03716-WHO<br><br>**ORDER GRANTING MOTION TO TRANSFER CASE** |

## INTRODUCTION

Plaintiff FOX FACTORY, INC. ("FOX") brought two patent infringement cases in this district against SRAM, LLC ("SRAM"). Case No. 3:16-cv-00506-WHO ("FOX I"); Case No. 3:16-cv-03716-WHO ("FOX II"). It later added Sandleford Limited, Taiwan Branch (Ireland) ("Sandleford") as a defendant. FOX I, Dkt. No. 79; FOX II, Dkt. No. 70. Since the Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, ___ U.S. ___, 137 S. Ct. 1514 (2017), I have twice denied SRAM's attempts to have these related cases dismissed or transferred for improper venue. *See* Order Denying Mot. to Dismiss or Transfer for Improper Venue ("First Order")(FOX I, Dkt. No. 72; FOX II, Dkt. No. 45); Order Denying Defs.' Mot. to Dismiss for Lack of Jurisdiction and Mot. to Dismiss or Transfer for Improper Venue ("Second Order")(FOX I, Dkt. No. 100; FOX II, Dkt. No. 88). Now SRAM has asked that I reconsider my orders because of a recent decision from the Federal Circuit.

In the First Order, in light of the prevailing views of district courts around the country, I found that SRAM waived its challenge to venue by failing to object in its answer or timely moving to dismiss or transfer under Federal Rule of Civil Procedure 12(b)(3). But I also noted that the

reasoning of courts finding no waiver had "some force," and I recognized that the lack of litigation history distinguished this case from some of the others finding waiver. First Order at 6–7. The second time around, I stated that the majority of district court decisions since *TC Heartland* continued to find that it had not changed patent venue law and so did not revisit the First Order. Second Order at 11. But now the Federal Circuit has decided *In re Micron Technology, Inc.*, in which the court held that the waiver rule is inapplicable to post-*TC Heartland* venue challenges because "[t]he Supreme Court changed the controlling law when it decided *TC Heartland* in May 2017." 875 F.3d 1091, 1099 (Fed. Cir. 2017). Under these circumstances, it is appropriate to reconsider my prior orders. *See* Civil L. R. 7-9(b).

Following *In re Micron Technology, Inc.*, I find that SRAM did not waive its venue challenge nor did it otherwise forfeit it based on untimeliness or consent. I further find that venue is improper in this district and therefore GRANT defendants' motion to transfer. These cases will be transferred to the District of Colorado, where venue is proper and amenable to both parties.

## BACKGROUND[1]

I previously issued an order on defendants' motion for leave to file a motion for reconsideration of prior orders denying their motions to dismiss, or in the alternative, transfer, for improper venue ("Prior Order")(Dkt. No. 117), noting that the Federal Circuit's recent decision in *In re Micron Technology, Inc.* resolved a split of authority among district courts and conclusively established that "[t]he venue objection was not available until the Supreme Court decided *TC Heartland* because, before then, it would have been improper, given controlling precedent, for the district court to dismiss or to transfer for lack of venue." 875 F.3d 1091, 1096 (Fed. Cir. 2017)(citing *TC Heartland LLC v. Kraft Foods Group Brands LLC*, ___ U.S. ___, 137 S. Ct. 1514 (2017)). Therefore, waiver under Federal Rules of Civil Procedure 12(g)(2) and (h)(1)(A) does not apply for a defendant asserting venue defenses based on the Supreme Court's *TC Heartland* decision. *Id*. at 1094. The *In re Micron* court stated that a district court may exercise its inherent

---

[1] I find it unnecessary to repeat the full background here. For a more thorough recitation, refer to the previous order on defendants' motion to dismiss or transfer. FOX I, Dkt. No. 100; FOX II, Dkt. No. 88.

discretion to find that a defendant has nonetheless "forfeited" its venue objection based on other considerations, such as timeliness or consent. *Id*. at 1100–02. It provided some "observations," but chose not to "explore the contours of timeliness outside Rule 12(g)(2) and (h)(1)(A) or … assess what constitutes consent to venue or what if any other considerations could justify a finding of forfeiture even when the defendant has not waived its objection under Rule 12(g)(2) and (h)(1)(A)." *Id*. at 1102. It explicitly noted that it was "not suggesting that the lee-way to find such forfeiture is broad." *Id*.

With that decision in mind, I indicated in the Prior Order that "I am inclined to find that defendants did not waive—or otherwise forfeit—their challenge to venue." Prior Order at 1–2. I also noted that the declaration previously submitted by SRAM suggests that venue is not proper in this district. *Id*. at 2 (referencing Benzer Decl. ISO Reply to Mot. to Dismiss or Transfer for Improper Venue). I then requested a response from FOX. *Id*.

FOX urges me to exercise my discretion and find that the defendants' objection to venue is untimely. Fox's Response at 1 (FOX I, Dkt. No. 119; FOX II, Dkt. No. 102). It cites to the following facts: "[t]he first of these two related cases was filed nearly two years ago, the parties and the Court have already invested substantial effort in resolving the disputes, claim construction has been completed, and a consolidated trial is less than a year away." *Id*. It also notes that SRAM did not allege that venue was improper at the outset or even after SRAM's counsel learned of the writ of certiorari in *TC Heartland*. *Id*. And it emphasizes that SRAM has never indicated that resolving the cases in this venue is inconvenient, unfair, or prejudicial. *Id*. Lastly, it asks that if I grant the motion that I transfer these cases to the Central District of California, where they could have been brought, rather than dismissing them or transferring them to the venues requested by defendants (the Northern District of Illinois or the District of Colorado). *Id*. at 1–2. It indicates that the District of Colorado is "a potential forum[,]" but "less ideal than the Central District of California… ." *Id*. at 12.

**LEGAL STANDARD**

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or

3

division in which it could have been brought." 28 U.S.C. § 1406(a). The patent venue statute provides that venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *see TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1516 (2017). *TC Heartland* reaffirmed that a domestic corporation "resides" only in its state of incorporation for purposes of the first prong of § 1400(b). 137 S. Ct. at 1520. In determining whether a defendant has a "regular and established place of business" in this district under the second prong of § 1400(b), the Federal Circuit recently clarified that "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). "If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *Id*.

**DISCUSSION**

It is now clear that SRAM did not waive its objection to venue under Rule 12(g)(2) and (h)(1)(A). *See In re Micron*, 875 F.3d at 1100. It has not otherwise forfeited its objection based on timeliness or consent. *Id*. at 1101 (noting a district court's inherent power to find forfeiture based on implied waiver by conduct or failure to timely and sufficiently object). The trial of these related cases is currently scheduled for November 2018, so we are not "close to trial[.]" *See id.* at 1102 (indicating no clear abuse of discretion in cases involving district courts' denial of venue objections close to trial). Nor have I observed a "tactical wait-and-see bypassing of an opportunity to declare a desire for a different forum[.]" *Id*.

FOX argues that SRAM has "affirmatively participated in this litigation and should be estopped from challenging venue[.]" FOX Response at 4. But SRAM had no choice but to "affirmatively participate" prior to *TC Heartland*, *see In re Micron*, 875 F.3d at 1094, and FOX cannot legitimately contend that SRAM "did not seasonably raise the defense" after *TC Heartland*, *but see* FOX Response at 4. SRAM filed its initial motion to dismiss or transfer six business days after the Supreme Court issued its *TC Heartland* decision, raised the challenge again in response to FOX's amended complaints, and sought leave to file a motion for reconsideration the same day the Federal Circuit decided *In re Micron*. Under these circumstances, SRAM has

4

not forfeited its objection to venue by consent, delay, or any other factors. *See In re Micron*, 875 F.3d at 1102 (indicating the timeliness determination may take into account other facts).

Moving on to the merits of the challenge, I must now determine whether venue is proper in the Northern District of California under section 1400(b). It is not. Under 28 U.S.C. § 1400(b), "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." FOX has acknowledged that neither defendant resides in this district. *See, e.g.*, FOX Opp'n to SRAM's Mot. to Dismiss or Transfer at 6 (FOX I, Dkt. No. 61; FOX II, Dkt. No. 47); Am. Compls. ¶¶ 3–4 (FOX I, Dkt. No. 79; FOX II, Dkt. No. 70). Rather, it focuses on the second prong of section 1400(b), under which venue is proper where "the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

Given the Federal Circuit's recent guidance on the second prong, *see In re Cray*, 871 F.3d at 1360, it seems apparent that this venue is improper under the second prong as well. FOX insists that more discovery is needed to determine whether any SRAM employees reside in this district; a defendant's employee's home may satisfy the first requirement of § 1400(b).[2] FOX's Response at 9–10. It then points to SRAM's website, on which it states that it "works closely with local dealers to make sure they are able to assist SRAM's customers with service related questions." Smyth Decl. ¶ 16 (FOX I, Dkt. No. 119-1; FOX II, Dkt. No. 102-1). It also highlights SRAM's job posting for a "World Bicycle Relief Major Gifts Officer" who will be located in the San Francisco Bay Area. Smyth Decl., Ex. F.

But courts have found that a corporate defendant "must have more contact with [a venue] than simply doing business there[,]" and "[t]he mere presence of sales representatives is insufficient[.]" *Westech Aerosol Corp. v. 3M Co.*, 2017 WL 3387363, at *3 (W.D. Wash. Aug. 7,

---

[2] Specifically, it notes that it previously "identified the following subject of discovery: 'the nature of SRAM's dealer and distributor (i.e., sales representative) relationships; the number and location of SRAM's sales representatives and employees; the terms of compensation for those individuals; the control SRAM exerts over its sales representatives and employees; and whether SRAM's sales representatives or employees conduct training or provide technical support.'" FOX's Response at 10 n.2 (quoting FOX's Opp'n to SRAM's Mot. to Dismiss or Transfer at 8).

2017); *see, e.g.*, *Boston Sci. Corp. v. Cook Grp. Inc.*, 2017 WL 3996110, at *14 (D. Del. Sept. 11, 2017). Moreover, "[t]he presence of independent dealers in a district does not qualify as a 'regular and established place of business.'" *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, 2017 WL 2556679, at *4 (E.D. Va. June 7, 2017). FOX's attempts to highlight SRAM's willingness to help local dealers and its advertisement for an employee to work with a charitable organization fall far short of establishing SRAM's "regular and established place of business" in this district.

FOX has the burden of showing that venue is proper, *see Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979), and it has failed to even allege that it is. *See* Am. Compls. I am not convinced that further discovery would alter my conclusion. The parties have been actively engaged in discovery. FOX has provided no basis for a good faith argument that SRAM has a regular and established place of business in this district. *See Kaia Foods, Inc. v. Bellafiore*, Case No. 14-cv-01708-JCS, 70 F. Supp. 3d 1178, 1187 (N.D. Cal. 2014)(denying plaintiff's request for venue discovery when it "offered nothing … that lead[] the Court to believe that venue discovery w[ould] change the result on th[e] issue."); *OptoLum, Inc. v. Cree, Inc.*, 2017 WL 3130642, at *6 (D. Ariz. July 24, 2017)(exercising discretion to deny venue discovery when contrary to the "just, speedy, and inexpensive determination" of the action).

Having concluded that venue is not proper in this district, I find that it is in the interests of justice to transfer the cases, rather than dismiss them. *See* 28 U.S.C. § 1406(a). Under the statute, the cases may be transferred to "*any* district or division in which it could have been brought." *Id*. (emphasis added). FOX entreats that the cases be transferred to the Central District of California, where they could—and would—have been brought if it had been clear at the time of filing that venue was improper in this district. It insists that the Central District of California is the most convenient venue due to its proximity to FOX's principal place of business, the location of its witnesses, and the district's experience resolving patent disputes. FOX's Response at 2.

It appears that venue would be proper in the Central District of California. SRAM has a large facility located within the District in San Luis Obispo. McKinley Decl. ¶ 2; *id*., Ex. A. At this location, SRAM designs and tests components for its chainring and drive train products. *Id*., Exs. B and C. FOX contends that this physical location constitutes a regular and established place

6

of business under § 1400(b), and additionally, that SRAM has committed acts of infringement in the Central District of California by selling allegedly infringing products to distributors there. SRAM does not dispute that venue would be proper in the Central District of California, but urges that these cases should be transferred to the Northern District of Illinois, where its principal place of business is located and where other patent cases involving unrelated products is pending between SRAM and FOX's wholly owned subsidiaries.[3]

Alternatively, both parties are amenable to transferring these cases to the District of Colorado. SRAM "has a substantial place of business" there, and the District of Colorado is located equidistant between the parties' principal places of business. *See* SRAM's Reply at 6 (FOX I, Dkt. No. 120; FOX I, Dkt. No. 103).

Neither party is at fault for the current situation. FOX had a good faith belief that bringing the cases in this venue was proper, and SRAM challenged that contention as soon as it became clear that FOX's belief was wrong. In this scenario, transferring these cases to a location mutually agreeable to the parties would minimize the prejudice to all.

## CONCLUSION

In accordance with the foregoing, defendants' motion is GRANTED. These cases will be transferred to the District of Colorado.

**IT IS SO ORDERED.**

Dated: January 8, 2018

William H. Orrick
United States District Judge

---

[3] Although FOX notes that these cases are stayed pending inter partes review. Smyth Decl. ¶ 17.

7