**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00127-WJM-NYW
Civil Action No. 18-cv-00130-WJM-NYW

FOX FACTORY, INC.,

      Plaintiff,

v.

SRAM, LLC, a Delaware limited liability company, and
SANDLEFORD, LIMITED TAIWAN BRANCH (IRELAND), a Taiwanese limited liability company,

      Defendants.

---

**ORDER GRANTING FOX FACTORY'S MOTIONS TO AMEND**

---

Magistrate Judge Nina Y. Wang

This matter comes before the court in this consolidated action on the following motions:

(1)    Plaintiff FOX Factory, Inc.'s Notice of Motion and Motion for Leave to Amend Its Disclosure of Asserted Claims and Infringement Contentions [No. 18-cv-00127, #104, filed January 3, 2018]; and

(2)    Plaintiff FOX Factory, Inc.'s Notice of Motion and Motion for Leave to Amend Its Disclosure of Asserted Claims and Infringement Contentions [No. 18-cv-00130, #121, filed January 3, 2018].

This court refers to these Motions collectively as Plaintiff's "Motions to Amend Infringement Contentions," which were referred to this Magistrate Judge pursuant to 28 U.S.C. §

636(b), Fed. R. Civ. P. 72, and the memoranda dated January 26, 2018 [#127; #143].[1] The court has reviewed Defendants' Response [#112][2] and Plaintiff's Replies [#123; #139], as well as the Patent Local Rules for the United States District Court for the Northern District of California ("NDCA Patent Local Rules" or "NDCA Patent L.R.") and the Local Rules of Practice for the United States District Court for the District of Colorado – Patent Rules ("Colorado Patent Local Rules" or "D.COLO.LPtR"). Additionally, on February 20, 2018, this court held a Status Conference with the Parties to discuss a potential pretrial schedule, whether any discovery remains outstanding, and general procedures for moving the cases forward following transfer. *See* [#130; #146]. Having been advised of the premises, this court **GRANTS** Plaintiff's Motions to Amend Infringement Contentions.

## BACKGROUND

On July 1, 2016, Plaintiff FOX Factory, Inc. ("Plaintiff" or "FOX Factory") initiated two separate actions in the United States District Court for the Northern District of California. The Parties thereafter stipulated to consolidation. *See* [#1, #95; #1, #107]. In the operative Second Amended Complaint for Civil Action No. 18-cv-00127, FOX Factory alleges Defendants SRAM LLC ("SRAM") and Sandleford Limited Taiwan Branch (Ireland) ("Sandleford") (collectively "Defendants") infringe claims of two patents, U.S. Patent Nos. 8,226,172 ("the '172 patent") and 8,974,009 ("the '009 patent") (collectively, the "axle patents"). [#70]. In the operative First

---

[1] Because the Motions were filed in two separate civil actions, this court refers to the docket entry from Civil Action No. 18-cv-000127 first and from Civil Action No. 18-cv-00130 second, when applicable. The court separates docket entries from the two cases through use of a semicolon, and separates docket entries from the same case through use of a comma.

[2] Defendants filed one response to address both Motions, and filed that response in Civil Action No. 18-cv-00127.

Amended Complaint for Civil Action No. 18-cv-00130, FOX Factory alleges Defendants infringe U.S. Patent No. 6,135,434 ("the '434 patent" or "the air shock patent"). [#79]. Pursuant to the NDCA Patent Local Rules, FOX Factory served its Infringement Contentions and subsequently amended them in both cases with the court's approval. NDCA Patent L.R. 3-1. 3-4.  In both cases, the operative Second Amended Disclosure of Asserted Claims and Infringement Contentions were filed on September 20, 2017, and approved on October 17, 2017. [#76-3, #89; #88-3, #101]. In Civil Action No. 18-cv-00127, Plaintiff asserts the following claims for the axle patents:

(1) Claims 1, 2, 4, 6, and 7 of the '172 patent ("Asserted '172 claims"); and

(2) Claims 1-3, 5, and 7-9 of the '009 patent ("Asserted '009 claims").

[#76-4 at 2]. In Civil Action No. 18-cv-00130, Plaintiff asserts the following claims:

(1) Claims 2 and 9 of the '434 patent ("Asserted '434 claims").

[#88-3 at 2]. Both sets of Infringement Contentions allege willful infringement. FOX Factory accuses the Defendants of having knowledge of the '172 and '009 patents at least as early as July 1, 2016 [#76-3 at 8], and knowledge of the '434 patent as early as December 9, 2005. [#88-3 at 8].

The court in the Northern District of California issued its claim construction order on October 30, 2017. [#93; #105]. On January 3, 2018, FOX Factory sought in both cases to further amend its Infringement Contentions. [#104-4; #121-4]. In Civil Action No. 18-cv-00127, FOX Factory seeks to amend the date on which Defendants allegedly knew of the '172 patent from July 1, 2016 to August 9, 2012, to amend the date on which Defendants knew of the '009 patent from July 1, 2016 to "prior to the filing of the Complaint in this action," and to

eliminate some products accused of infringing in the '009 patent. [#104-4 at 7-8]. In Civil Action No. 18-cv-00130, FOX Factory sought to supplement its Second Amended Infringement Contentions with arguments arising from the court's claim construction of the terms "bypass channel" and "whereby the second gas chamber portion acts as an air negative spring to automatically balance the force on the damping unit … so the shock absorber is in an equilibrium condition," in response to non-infringement arguments identified by Defendants. [#121 at 6-7, #121-4 at 8]. As justification for the proposed amendments related to the axle patents, FOX Factory argued that Defendants' production had supplied new information that revealed that Defendants were aware of at least the '009 patent prior to the initiation of the lawsuit, contrary to their prior discovery responses, and that the court's claim construction necessitated the withdrawal of the Maxle Lite as an accused product. [#104 at 6-7]. As justification for the proposed amendments to the '434 patent, FOX Factory argued that it was diligent in soliciting any new non-infringement arguments by Defendants, that Defendants did not articulate those non-infringement arguments until six weeks after the court's claim construction order, and that it was diligent in seeking amendment after receiving those new non-infringement arguments. [#121 at 5-6]. Five days later, the Northern District of California transferred both actions to this District. [#105; #122].

Defendants argue that the Motions to Amend Infringement Contentions should be denied as moot, in light of the transfer of venue and the newly applicable Patent Local Rules. *See* [#112]. Specifically, Defendants urge the court to require Plaintiff to respond to Defendants' previously filed invalidity contentions and to file Final Infringement Contentions under the Colorado Patent Local Rules. Defendants also ask the court for the opportunity to request

exclusion of any amendments for which good cause does not exist. [*Id.* at 3]. Defendants further argue that FOX Factory's "Motion to Amend is an improper attempt to erase Fox's prior patent allegations because doing so – Fox hoped – would avoid invalidity contentions filed by [Defendants]." [*Id.* at 1]. In its Replies, FOX Factory sets forth a comparison of the two sets of Patent Local Rules, and argues that Defendants have failed to rebut the good cause Plaintiff demonstrates in its affirmative Motions to Amend Infringement Contentions. [#123 at 5-6]. Having reviewed the Parties' arguments, the court turns to considering the appropriate path forward, keeping in mind Rule 1's admonition that the court should apply the Federal Rules of Civil Procedure, and any local rules of a particular jurisdiction, so as to secure a just, speedy, and inexpensive determination of the action at hand. *See* Fed. R. Civ. P. 1.

## ANALYSIS

As Plaintiff notes, there are significant differences between the NDCA Patent Local Rules and the Colorado Patent Local Rules as they relate to the Motions to Amend Infringement Contentions. The NDCA Local Patent Rules contemplate that within fourteen days of the initial Scheduling Conference, the party asserting the patent(s) will serve on all other parties a "Disclosure of Asserted Claims and Infringement Contentions" ("Infringement Contentions"). NDCA L.R. 3-1. Similarly, the party opposing patent infringement is required to serve Invalidity Contentions within 45 days of service of Infringement Contentions. NDCA L.R. 3-3. These Infringement and Invalidity Contentions are not considered "preliminary" or "final," but may be subject to supplementation and/or amendment with leave of court upon a showing of good cause. NDCA L.R. 3-6. Thus, each set approved by the court under the NDCA Patent Local Rules is, by operation, final.

By contrast, the Colorado Patent Local Rules contemplate two distinct sets of contentions: service of a set of Infringement Contentions presumptively within 28 days of the Scheduling Conference and a set of Invalidity Contentions served 42 days thereafter, *see* D.C.COLO.LPtR 4, 8 and D.C.COLO.LPtR Sched. Ord; and service of Final Infringement Contentions within 28 days of the court's order on claim construction and a set of Final Invalidity Contentions served 21 days thereafter, *see* D.C.COLO.LPtR 16. A party seeking to amend contentions at any time between the Preliminary and Final Infringement or Invalidity Contentions must provide a separate statement of good cause. D.C.COLO.LPtR 16(a)(3), 16(b)(3). Unlike the Northern District of California, this District contemplates that parties will respond to each other's Preliminary Infringement and Invalidity Contentions and issue production associated with their respective responses. *See* D.C.COLO.LPtR 6, 7, 9, 10. The Colorado Patent Local Rules do not provide an opportunity to exchange responses to the Final Infringement and Invalidity Contentions, but a party may move to exclude amendments between the Preliminary and Final Infringement or Invalidity Contentions on the grounds that good cause for the amendment does not exist. D.C.COLO.LPtR 16(a)(4), 16(b)(4).

Although this exchange occurs before claim construction, the purpose of the responses under the Colorado Patent Local Rules is to facilitate robust disclosure of the Parties' respective positions, not to inform the court for the purpose of claim construction. A court construes the disputed terms without regard to whether the construction has an effect upon arguments relating to infringement or invalidity. *See Optical Disc Corp. v. Del Mar Avionics,* 208 F.3d 1324, 1333 (Fed. Cir. 2000); *A Major Difference, Inc. v. Erchonia Med., Inc.*, No. CIV.A 04-CV-01769-MSK-CBS, 2006 WL 2506566, at *4 (D. Colo. Aug. 29, 2006). While knowledge of the

accused device might give the court "meaningful context" for claim construction or a later infringement analysis, *Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, 442 F.3d 1322, 1326 (Fed. Cir. 2006), the parties to a patent infringement action in this District do not file the Preliminary Contentions with the court before claim construction in the ordinary course. Therefore, the responses to infringement and invalidity contentions in the ordinary course are not used for the purposes of informing claim construction alone.

The Northern District of California stated as part of its rationale in transferring the cases to this District that this District is "a location mutually agreeable to the parties," [#105 at 7; #122 at 7], and thus I find that it is more appropriate to apply the Colorado Patent Local Rules going forward than to continue under the NDCA Patent Local Rules. However, I recognize that the Motions to Amend Infringement Contentions were filed prior to the transfer and thus were crafted to conform with the NDCA Patent Local Rules. Therefore, this court gives special consideration to how to transition the Parties from practice under the NDCA Patent Local Rules to the Colorado Patent Local Rules in the most efficient manner possible.

In reviewing the Parties' papers regarding the Motions to Amend Infringement Contentions, this court finds good cause to allow amendment and thereby deem the Third Amended Disclosure of Asserted Claims and Infringement Contentions in each case as the Final Infringement Contentions under D.C.COLO.LPtR 16(a). Defendants had an opportunity in their Response to respond substantively to Plaintiff's arguments regarding good cause, but chose a different course of argument. *See* [#112]. This court is not persuaded that it should provide Defendants with a second bite at the apple by way of a motion to exclude under Rule 16(b)(4), when Defendants do not dispute that the proposed amendments arise as a result of events that

occurred following the last amendment, e.g., from discovery that was previously unavailable to Plaintiff and the issuance of the court's claim construction ruling in December. [*Id.*]. Additionally, to the extent Defendants argue that Plaintiff's proposed amendments are in some way an attempt to avoid invalidity contentions filed by Defendants, *see* [*id.* at 1], Defendants fail to properly support this argument. First, it is unclear at what claims of which patents these arguments are directed, and which invalidity contentions are at issue.[3] [*Id.*]. Some of the proposed amendments do not appear to relate to invalidity at all. Second, and more importantly, Defendants fail to explain how Plaintiff's amendments preclude Defendants from continuing to argue certain invalidity theories. Certainly, this court acknowledges that the arguments may be different and may require different proof, but Defendants have failed to persuasively explain how they are prejudiced, and this court may not infer or create arguments on behalf a party, particularly one who is represented by able counsel. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself"); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that the court has no obligation to make arguments or perform research on behalf of litigants). In addition, Defendants advance no substantive argument, and this court finds no basis in the record before it to conclude, that allowing Plaintiff to amend the contentions in this manner "will create judicial inefficiencies and confusions as the case proceeds." [#112 at 2]. Therefore, this court **GRANTS** the Motions to Amend Infringement Contentions and

---

[3] The court assumes that this argument is directed at claims 1-3, 5, and 8-9 of the '009 patent because those are the claims affected by FOX Factory's proposed amendment to eliminate some accused products.

**DEEMS** Plaintiff's Third Amended Disclosure of Asserted Claims and Infringement Contentions in each case the Final Infringement Contentions under D.C.COLO.LPtR 16(a).

The court recognizes that Plaintiff argues that requiring a response to invalidity contentions merely delays the case and multiplies the proceedings, when the claim construction order has already issued, and that Defendants never sought a response to their invalidity contentions through written discovery. But stepping into patent cases that proceeded for eighteen months before another court produces challenges not addressed by the Colorado Patent Local Rules. Accordingly, this court **ORDERS** that Defendants **FILE** a Response to Plaintiff's Third Amended Disclosure of Asserted Claims and Infringement Contentions and Final Invalidity Contentions no later than **21 days** from the date of this Order. Plaintiff is **ORDERED** to then **FILE** a Response to the Final Invalidity Contentions within 21 days of the filing of the Final Invalidity Contentions. As discussed above, these responses are not for the purpose of claim construction, as suggested by Plaintiff. *See* [#123 at 7]. The Parties need not comply with the document disclosure requirements that are generally associated with these types of responses under the Colorado Patent Local Rules. While neither set of Local Rules contemplates these filings, I find that such filings are appropriate to assist the court in understanding the contours of this case and in preparing for potential dispositive motions and trial. Going forward, the Parties should follow the Colorado Patent Local Rules and the standard Patent Scheduling Order, and they may raise to the court any questions or issues concerning this Order in the forthcoming proposed Scheduling Order and at the further Scheduling Conference.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) Plaintiff FOX Factory, Inc.'s Notice of Motion and Motion for Leave to Amend Its Disclosures of Asserted Claims and Infringement Contentions [No. 18-cv-00127, #104] is **GRANTED**;

(2) Plaintiff FOX Factory, Inc.'s Notice of Motion and Motion for Leave to Amend Its Disclosures of Asserted Claims and Infringement Contentions [No. 18-cv-00130, #121] is **GRANTED**;

(3) Plaintiff's Third Amended Disclosure of Asserted Claims and Infringement Contentions and Final Invalidity Contentions in Civil Action No. 17-cv-00127 [#104-3] is **DEEMED** as Plaintiff's Final Infringement Contentions under D.C.COLO.LPtR 16(b);

(4) Plaintiff's Third Amended Disclosure of Asserted Claims and Infringement Contentions and Final Invalidity Contentions in Civil Action No. 17-cv-00130 [#121-3] is **DEEMED** as Plaintiff's Final Infringement Contentions under D.C.COLO.LPtR 16(b);

(5) Defendants shall **FILE a RESPONSE** to Plaintiff's Final Infringement Contentions no later than **April 5, 2018**;

(6) Defendants shall **FILE** a set of **Final Invalidity Contentions** no later than **April 5, 2018**;

(7) Plaintiff shall **FILE a RESPONSE** to Defendants' Final Invalidity Contentions within twenty-one (21) days of the filing of the Final Invalidity Contentions;

  (8) A further Scheduling Conference in this matter is SET before this Magistrate Judge on **April 4, 2018 at 9:00 a.m**. with a proposed Scheduling Order[4] due no later than seven (7) days prior to the Scheduling Conference; and

  (9) The Parties should **FILE** a copy of the Protective Order that has governed and will continue to govern this action, as discussed in the prior Status Conference;

DATED:  March 15, 2018       BY THE COURT:

                 _____
                 Nina Y. Wang
                 United States Magistrate Judge

---

[4] In preparing the Scheduling Order, the Parties should be guided by the District's standard Scheduling Order in a Patent Case, but need not address the sections that clearly no longer apply, e.g., Claim Construction, but may want to address whether they believe a technology tutorial would be helpful for the court.  The Parties should address specifically what discovery has already occurred, and what is still anticipated, and should also identify any outstanding discovery issues that require resolution by the court after a robust meet and confer pursuant to Rule 37 of the Federal Rules of Civil Procedure and D.C.COLO.LCivR 7.1(a).