**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-00127-NYW

FOX FACTORY, INC.,

    Plaintiff,

  v.

SRAM, LLC and SANDLEFORD LIMITED,

    Defendants.

---

**DEFENDANTS SRAM, LLC'S AND SANDLEFORD LIMITED'S RESPONSE
TO PLAINTIFF'S FINAL INFRINGEMENT CONTENTIONS**

---

Pursuant to this Court's March 15, 2018 Order (Doc. No. 131), Defendants SRAM, LLC and SANDLEFORD LIMITED (collectively "SRAM") hereby provides its Response to Plaintiff's Final Infringement Contentions regarding the patent-in-suit: *Laird, et al.,* United States Patent No. 8,226,172, issued July 24, 2012, and *Laird, et al.,* United States Patent No. 8,974,009, issued March 10, 2015 (collectively, the "Asserted Patents").

**I.  PRELIMINARY MATTERS**

Discovery in this case is ongoing. SRAM anticipates that the subject matter of these Responses to Plaintiff's Final Infringement Contentions will be the subject of fact discovery, which the parties have proposed to be completed by July 27, 2018, and expert discovery, which the parties have proposed to be completed by November 16, 2018.

SRAM's investigation and analysis are not yet complete. These Responses to Plaintiff's Final Infringement Contentions are based on the SRAM's information, knowledge, and belief as of the date of these Responses, which information, knowledge, and belief are based on the limited information currently available to SRAM, and the limited discovery conducted to date. SRAM reserves the right to amend these Responses to Plaintiff's Final Infringement Contentions to the full extent permitted by the Federal

Rules of Civil Procedure, the Patent Local Rules, and the Court's Rules and Orders, including the Scheduling Order. SRAM also reserves its right to amend its answer to rebut any additional allegations that Fox may make with respect to infringement.

Specifically, non-infringement positions not included in these Responses to Plaintiff's Final Infringement Contentions may be uncovered as SRAM continues its investigation. Furthermore, as of the date of these Responses, discovery has yet to conclude and SRAM expressly reserves the right to supplement or amend these Responses with new matter not raised here in response to any additional discovery.

To the extent that SRAM analyzes the elements and applies the asserted claims, SRAM does not intend in any way to endorse or support Fox's or the Northern District of California's claim constructions or interpretations of the Asserted Patents. Further, these Responses to Plaintiff's Final Infringement Contentions are not to be construed as an admission that any asserted claims are infringed by SRAM's products or technology, and nothing herein should be deemed or understood to represent, limit, or prejudice the claim constructions that SRAM has advance in this matter.

SRAM makes this disclosure without waiving its right to object to the disclosure of information protected by the attorney-client privilege, attorney work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. SRAM believes that these Responses to Plaintiff's Final Infringement Contentions do not contain any such information and none of these privileges or immunities has been waived. To the extent that the inclusion of any information in these Responses to Plaintiff's Final Infringement Contentions is asserted to be a waiver of any such privilege or immunity, including the protection from discovery of information protected under the attorney-client privilege, attorney work-product doctrine, the common interest privilege, or any other applicable privilege or immunity, any such alleged waiver is unintentional and inadvertent and SRAM reserves the right under the Federal Rules of Evidence, the rules of this Court, and the law to contest any such assertion and to seek appropriate relief therefrom.

SRAM also reserves its right to object to the production or disclosure of any testimony, information, document, data compilation, or tangible thing on the basis of any valid objection, including, without limitation, any privilege or immunity, the work-product doctrine, relevance, materiality, undue burden, or any other appropriate grounds. SRAM reserves the right to allege the invalidity of the claims of the Asserted Patents on bases other than those disclosed herein. The Responses to Plaintiff's Final Infringement Contentions herein should be understood with reference to the charts and figures accompanying these contentions, attached as Exhibits 1 to 12. The statements made in the attached exhibits are by way of non-limiting examples only, and SRAM reserves the right to rely upon additional teachings and disclosure, including drawings, from prior art or other references. SRAM reserves the right to supplement these disclosures to rely upon additional prior art references, including references to establish knowledge of a person of ordinary skill in the art or other background information. SRAM further reserves the right to rely upon expert testimony, treatises, published industry standards, and similar documents to demonstrate the knowledge of one of ordinary skill in the relevant art.

## II.   FOX'S FINAL INFRINGEMENT CONTENTIONS

In Fox's January 3, 2018 Final Infringement Contentions, as ordered by the Court on March 15, 2018 ("Final Infringement Contentions"), Fox asserts claims 1-2, 4, and 6-7 of U.S. Patent No. 8,226,172 ("the '172 patent") and claims 1-3, 5, and 7-9 of U.S. Patent No. 8,974,009 ("the '009 patent") against the following SRAM products: (1) Maxle Ultimate; (2) Lyrik RC with the Maxle Ultimate; (3) Lyrik RCT3 with the Maxle Ultimate; (4) Pike DJ with the Maxle Ultimate; (5) Pike RC with the Maxle Ultimate; (6) Pike RCT3 with the Maxle Ultimate; (7) RS-1 with the Maxle Ultimate; (8) SID RL with the Maxle Ultimate; (9) SID RLC with the Maxle Ultimate; (10) SID World Cup with the Maxle Ultimate; (11) SID XX with the Maxle Ultimate; (12) MY17 Lyrik RC with the Maxle Ultimate; (13) MY17 Lyrik RCT3 with the Maxle Ultimate; (14) MY17 Pike RCT3 with the Maxle Ultimate; (15) MY17 Pike RC with the Maxle Ultimate; (16) Revelation RC with the

Maxle Ultimate; (17) RS-1 RL with the Maxle Ultimate; (18) RS-1 RLC with the Maxle Ultimate; and (19) Yari RC with the Maxle Ultimate. In its Final Infringement Contentions, Fox also asserts claims 1-3, 5, and 8-9 of the '009 patent against the following SRAM products: (1) Maxle Lite; (2) Revelation RCT3 with the Maxle Lite; (3) Revelation RL with the Maxle Lite; (4) Revelation RLT with the Maxle Lite; (5) Revelation World Cup with the Maxle Lite; (6) Lyrik RC2 DH with the Maxle Lite; (7) SID XX World Cup with the Maxle Lite; (8) Argyle with the Maxle Lite; (9) Bluto with the Maxle Lite; (10) Domain Duel Crown RC with the Maxle Lite; (11) Reba RL with the Maxle Lite; (12) Reba RLT with the Maxle Lite; and (13) Sektor Silver RL with the Maxle Lite. Based on information reasonably available to SRAM at this point, SRAM does not infringe, either directly or indirectly, or literally or under the doctrine of equivalents, any properly construed and valid and enforceable claim of the '172 and '009 patents asserted by Fox, nor do any of its distributors, dealers, and customers in the United States directly infringe any properly construed and valid and enforceable claim of the '172 and '009 patents asserted by Fox. SRAM also asserts that one or more claims of these patents are indefinite, and therefore, infringement analysis for certain elements of those claims cannot be performed. *See Honeywell Intern., Inc. v. Int'l Trade*, 341 F.3d 1332, 1342 (Fed. Cir. 2003) (finding that "[t]o the extent that the Commission attempted to perform an infringement analysis of indefinite claims, we vacate that finding as moot."). Additionally, SRAM incorporates by reference herein its Final Invalidity Contentions (filed the same day as this Response), and all exhibits and documents referenced therein, that further set forth the grounds for invalidity and unenforceability of the '172 and '009 patents, which further support SRAM's contentions that it has not infringed any valid and enforceable claims of said patents.

The Charts in Exhibits 1 to 12 hereto (corresponding respectively to each asserted claim of the '172 and '009 patents) identify as to each identified element in each asserted claim, to the extent known by SRAM, whether such element is present literally or under

4

the doctrine of equivalents in each accused product and, if not, the reason for such denial and the relevant distinctions.

Fox has not met the requirements to establish willful infringement, as set forth in *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 579 U.S. ___, 136 S.Ct. 1923, 1934 (2016), namely that SRAM's infringement "constituted an 'egregious case[] of misconduct beyond typical infringement' meriting enhanced damages under § 284 and, if so, the appropriate extent of the enhancement." *WesternGeco L.L.C. v. ION Geophysical Corp.*, 837 F.3d 1358, 1364 (Fed. Cir. 2016) (quoting *Halo*, 136 S.Ct. at 1934).  Moreover,

> when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement.  So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct.  By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction which generally provides an adequate remedy for combating post-filing willful infringement.  A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrued enhanced damages based solely on the infringer's post-filing conduct.

*In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (en banc) (citations omitted).  For these reasons and because Fox has not shown that SRAM infringes a valid patent or has engaged in egregious misconduct beyond typical infringement, SRAM does not willfully infringe the '172 and '009 patents.

Additionally, it is well-established that those practicing before the United States Patent and Trademark Office ("USPTO") bear a significant duty of disclosure, candor, and good faith dealing.  For any particular patent case, the duty of disclosure extends to all "individuals associated with the filing or prosecution."  37 C.F.R. § 1.56.  This includes named inventors as well as "every other person who is substantively involved" with the application.  *See id.*  With respect to the '172 and '009 patents, the applicants and their

counsel clearly were aware of SRAM's U.S. Patent Pub. No. 2005/0110335A1, which ultimately issued as U.S. Patent No. 7,090,308. Based upon this awareness and SRAM's well-known status as a competitor to Fox, SRAM believes that the applicants and their counsel knew of SRAM's widely-known Maxle products, including the Maxle 360 and Rear Maxle products, which were described in SRAM's 2006 and 2007 OEM Product Catalogs, in User Specifications in such catalogs and published on SRAM's website at the time, and in on-line videos showing the operation of such products.

Based on the information presently known to SRAM, SRAM believes that the '172 and '009 patent applicants and/or others substantively involved with the applications that gave rise to the '172 and '009 patents, knew of the Maxle 360 / Rear Maxle prior art described in SRAM's Final Invalidity Contentions, withheld/misrepresented material information about said prior art with the intent to deceive the USPTO. Further, if the USPTO had been aware of the withheld or misrepresented information, it would not have issued the '172 and '009 patents. SRAM believes that the '172 and '009 patent applicants and/or others substantively involved with the applications that gave rise to the '172 and '009 patents, knew of this material information about the Maxle 360 / Rear Maxle prior art described in SRAM's Final Invalidity Contentions, knew that it was material, and made a deliberate decision to withhold it. Further, this conduct amounts to affirmative acts of egregious misconduct, such that the '172 and '009 patents should be rendered unenforceable for inequitable conduct and unclean hands, and therefore not infringed by SRAM.

Further, SRAM's products, and the technical features of those products, became widely known after introduction to the market, and it is apparent that FOX knew of SRAM's products and did not assert that SRAM's products infringed any valid patent of FOX, which confirmed SRAM's understanding that its products and the technical features of their developed products did not infringe any FOX patents.

Dated:  April 5, 2018

Respectfully submitted,

s/ Richard B. Walsh, Jr.
***Richard B. Walsh, Jr.***
***Michael J. Hickey***
***Bridget G. Hoy***
***Michael H. Durbin***
***Sarah A. Milunski***
Lewis Rice LLC
600 Washington Avenue, Suite 2500
St. Louis, MO  63101
Telephone: (314) 444-7722
E-mail:  rwalsh@lewisrice.com
mhickey@lewisrice.com
bhoy@lewisrice.com
mdurbin@lewisrice.com
smilunski@lewisrice.com

Attorneys for Defendants SRAM, LLC and Sandleford Limited

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record in this case as follows:

    Robert F. McCauley; robert.mccauley@finnegan.com
    Jeffrey D. Smyth; jeffrey.smyth@finnegan.com
    Christopher B. McKinley; christopher.mckinley@finnegan.com
    Justin Adam Hendrix; justin.hendrix@finnegan.com
    Erik R. Puknys; erik.puknys@finnegan.com

                                                      By:      s/ Richard B. Walsh, Jr.
                                                                ***Richard B. Walsh, Jr.***

2269947